By the Court, Cowex, J.
That obtaining goods by fraud, though in the form of a sale, and though the fraud do not amount to an indictable offence, is a tortious talcing within the issue of non cepit, we have just now held against these defendants. (Carr & Carr v. Hotailing & Hotailing, ante, p. 311.) Also, that in order to establish the charge, other cotemporaneous purchases effected by similar acts of fraud, may be given in evidence. (Id.)
We held in the case cited, that obtaining goods in this manner does not change the general property as between vendor and vendee, unless the vendor elect to consider it as changed. It follows, that Samuel was jointly liable under the issue of non cepit, for his interference With the goods. ■ Indeed, being a partner with William, the fraudulent act of the latter is, in respect to the question of property, imputable to Samuel. It does not lie with one to claim property through the fraudulent act of another, whether as his agent or partner, • without being affected by that act the same as if it were his own. We speak in a civil, not in a criminal sense. The very point was held, as to an agent, in Irving v. Motley, (7 Bing. 543; 5 Moore & Payne, 380, S. C.) And as to a partner in Kilby v. Wilson, (Ryan & Mood. N. P. R. 178.) In Taylor v. Green, (8 Carr. & Payne, 316,) it was held, that where one assuming to be an agent, had committed a fraud in a sale, the mere adoption of the sale and receipt of the money, by the person for
*319 whom the sale was made, rendered him liable for the fraud, though he was morally innocent.
New trial denied.